```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| DONNA S. KELLEY, | ) |
| | ) |
|     Plaintiff, | )   Civil Action No. 5:11-194-JMH |
| | ) |
| v. | ) |
| | ) |
| | ) |
| PROCTOR & GAMBLE | )   **MEMORANDUM OPINION AND ORDER** |
| DISTRIBUTING, LLC | ) |
| | ) |
|     Defendant. | ) |

          \*\*    \*\*    \*\*    \*\*    \*\*

The Court has reviewed the Notice of Removal filed in this matter, as well as the Complaint, which was originally filed in Madison Circuit Court [Record No. 1].

In that Complaint, Plaintiff claims that Defendant Proctor & Gamble Distributing, LLC is liable to her under theories of negligence, strict products liability, and breach of implied warranties. [Compl., Counts I-IV.] Plaintiff seeks compensatory damages including pain and suffering, medical expenses and loss of earning capacity, as well as punitive damages. [Compl. ¶¶ 12, 18, 26, 28.] Plaintiff does not specify an amount of damages except to state that she seeks "compensatory damages in an amount in excess of the jurisdictional limits of [Madison Circuit] Court."[1] [*Id.* at

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010. Kentucky district courts have exclusive jurisdiction over civil

p. 7.]

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II,* 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original)(quoting *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993)(abrogated on other grounds)). Defendant must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, 'it is clear that the amount in controversy threshold is met'"). *See also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to

---

cases in which the amount in controversy does not exceed four thousand dollars ($4,000), exclusive of interest and costs, meaning that the amount in controversy must exceed $4,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010 and 24A.120.

earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In its Notice of Removal, Defendant appears to rely solely on the averments of Plaintiff's Complaint in an attempt to demonstrate the requisite amount-in-controversy, by first reciting the Plaintiff's alleged bases for damages, and then stating "The amount in controversy, therefore, exceeds $75,000.00." [Record No. 1 at ¶ 10.] This is not enough, and, unless Defendant can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Madison Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendant shall **SHOW CAUSE** on or before **July 8, 2011,** why this matter should not be remanded to Madison Circuit Court.

This the 23rd day of June, 2011.



Signed By:
<u>Joseph M. Hood</u>
Senior U.S. District Judge